# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2407
_____

United States of America

*Plaintiff - Appellee*

v.

Stanley D. Rice

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: April 16, 2020
Filed: May 12, 2020
[Unpublished]
_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Stanley D. Rice pleaded guilty to two counts of interstate transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C.

§ 2423(a). The district court[1] sentenced Rice to life imprisonment, the advisory sentence under the U.S. Sentencing Guidelines. Rice argues that the sentence is substantively unreasonable in light of several mitigating factors, including the childhood sexual abuse he suffered, his long-term methamphetamine addiction, and the financial support he provided for his family.

We find no abuse of discretion in the district court's determination that Rice's mitigating factors did not support a downward variance from the advisory Guidelines sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review). Rice had sexually abused minors in the 1980s, and the counts of conviction here related to Rice's sexual abuse of two other minors in 2011 and 2009. Rice began sexually abusing Jane Doe when she was five years old and the abuse continued for years. Rice sexually abused John Doe when he was a teenager and introduced him to methamphetamine. Rice had worked as a trucker and sometimes brought the victims with him when he traveled, sexually abusing the children during these trips. The district court concluded that Rice's long history of sexual abuse and the egregious circumstances of the instant offenses deserved greater consideration than his troubled childhood, his drug use, or his positive attributes, "which is a determination well within the discretion of the district court." See United States v. Wilcox, 666 F.3d 1154, 1157 (8th Cir. 2012); see also United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) ("The district court's decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (internal quotation marks and citation omitted)). The sentence is not substantively unreasonable.

The judgment is affirmed.

_____

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.